UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HECTOR JAMES BRAVO**,<br>                    Petitioner,<br>v.<br>**GEORGE NEOTTI, Warden,**<br>                    Respondent. | Civil No. 12-CV-0571 DMS (PCL)<br><br>**REPORT AND RECOMMENDATION**<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. No. 10)** |

PETER C. LEWIS, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Dana M. Sabraw, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California.

### I.     INTRODUCTION

On March 6, 2012, Hector James Bravo (Petitioner), a state prisoner proceeding *pro se*, filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction for carjacking, assault with a deadly weapon, and vehicle theft in San Diego Superior

Court, case number SCN236437. (Doc. 10 at 3.) On September 14, 2012, Respondent filed a Motion to Dismiss on the grounds that the Petition is barred by the statute of limitations of 28 U.S.C. § 2244(d). (Doc. 10 at 1.) Petitioner filed a traverse on October 5, 2012, asserting that Respondent's interpretation of the tolling period was incorrect. (Doc. 12 at 1.)

Having reviewed Respondent's Motion, Petitioner's Traverse, and the underlying record, this Court concludes that Petitioner's habeas petition is untimely and recommends that Respondent's Motion to Dismiss be **GRANTED.**

## II.  BACKGROUND

The Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C.A. §2254(e)(1) (West 2006). The facts as found by the state appellate court are as follows:

> On October 27, 2007, in Escondido, CA, Valetin Carmargo sat in a parked 1996 Ford Mustang waiting to pick up a friend. Hector Bravo, a local gang member known in the area as "Shadow," approached the car and then reached in the passenger window and attempted to grab the ignition keys. Carmargo then exited the car to confront Bravo. However, once Carmargo exited the vehicle, another person entered the Mustang via the driver's door and attempted to steal it. When Carmargo sought to regain control over the car, Bravo stabbed him several times and demanded Carmargo "give it to him" at which point Carmargo handed over a $50 bill. Bravo then fled while the other suspect drove off with the Mustang. Carmargo later identified Bravo as his attacker from a photographic lineup. (Lodgment 6 at 2-3.)

In July 2008, a San Diego jury convicted Petitioner of (1) assault with a deadly weapon while personally using a knife and inflicting great bodily injury (Cal. Penal Code §§ 245(a), 12022(b), 12022.7), (2) carjacking while personally using a knife and inflicting great bodily injury (Cal. Penal Code §§ 215(a), 12022(b), 12022.7), and (3) vehicle theft with a prior conviction and while personally using a knife and inflicting great bodily injury (Cal. Vehicle Code § 10851(a); Cal. Penal Code §§ 12022(b), 12022.7). (Doc. 10 at 3.) The trial court also found that Bravo had a prior strike conviction[1] (Cal. Penal Code § 667(b)-(i)), and had already served four prior prison

---

[1]. California's legislative intent is to ensure longer prison sentences for those who have previously committed serious and/or violent felony offenses.

terms[2]. (Cal. Penal Code § 667.5) (Doc. 10 at 3.)  Based upon the present conviction and Petitioner's prior offenses, the trial court sentenced Petitioner to a total term of thirty-two years in state prison. (Doc. 10 at 3.)

Petitioner, with the assistance of counsel, filed a timely appeal to his conviction. (Lodgment 1.)  In March 2010, the California Court of Appeal issued an unpublished opinion affirming his conviction and rejecting the three arguments raised in his appeal.[3] (Lodgment 6.) Petitioner then filed a Petition for Review in the California Supreme Court on May 3, 2010, (Lodgment 7) which the California Supreme Court denied on June 11, 2010. (Lodgment 8.)

Thereafter, on August 8, 2011, Petitioner began his first round of habeas petitions in state court by filing a habeas writ with the California Supreme Court raising the same three grounds that he raised in his direct appeal. (Lodgment 9.)  He also added a fourth claim alleging that insufficient evidence supported several of his convictions.[4] Id. However, the California Supreme Court denied Petitioner's habeas relief in December 2011. (Lodgment 11.)

Lastly, Petitioner submitted this Writ of Habeas Corpus with the United States District Court for the Southern District of California no sooner than March 1, 2012, and it was filed by the court on March 6, 2012.  (Doc. 1 at 38.)[5]

### III.  LEGAL STANDARD

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 28 of the United States Code provides:

> A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court.  The limitation period shall run from the latest of----
>
> (A) the date on which the judgement became final by the conclusion of direct review or the

---

2. California also enacted legislation designed to enhance prison sentences for new offenses based on a defendant's prior prison terms.

3. Petitioner's claims were as follows: 1) violation of the 6th & 14th Amendment when the trial courts refused to permit petitioner to cross-examine witness 2) violation of the 6th & 14th Amendment when the trial court refused to declare a mistrial 3)violation of the 6th & 14th Amendment when the trial court abused its discretion by denying Petitioner's motion to vacate the prior strike.

4. Petitioner's fourth claim was that his 6th and 14th Amendment rights were violated when Petitioner was convicted by insufficiency of evidence.

5. The envelope from the prison was postmarked on March 5, 2012, however, "C/O Amaro 3/1/12" is hand-written over the envelope's seal suggesting it was turned into prison officials on March 1, 2012.  Therefore, the Writ was turned in no sooner than March 1, 2012. Under the mailbox rule, this court will consider the petition as filed on March 1, 2012. (infra pg. 6)

expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (LEXIS 2011).

The statute of limitations, however, is subject to both statutory and equitable tolling. See 28 U.S.C. § 2244(d)(1); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997).

## IV.  ANALYSIS

### A.  Timeliness of Petition for Writ of Habeas Corpus

Respondent asserts that Petitioner's federal habeas claim is time-barred because it was filed almost two months after the AEDPA one-year statute of limitations had run. (Doc. 10 at 1.) Petitioner argues in his traverse that the tolling period should have begun one year later rather than August 2011. (Doc.12 at 1.)

Congress' intent when passing the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was to eliminate delays in the federal habeas review process. Gonzalez v. Thaler, 132 S.Ct. 641, 650 (2012). Congress wrote the one-year statute of limitations into 28 U.S.C. § 2244(d)(1) intending for it to apply "to all habeas petitions filed by persons in 'custody pursuant to the judgment of a state court.'" Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004). In this case, Petitioner Bravo is serving a thirty-two year sentence pursuant to his October 2008 state-court conviction, therefore, the statute applies.

The AEDPA created this one-year period of limitation to run from the *latest* of either the date on which the judgment became *final* by the conclusion of direct review *or* the time for seeking such review expired. (Emphasis added.) (28 U.S.C. § 2244(d)(1)(a).) On June 9th, 2010, the California Supreme Court denied Petitioner's request to review the appellate court's affirmation

1 of his conviction. (Lodgment 8)(Lodgment 7.) Thus, Petitioner's state court judgment became
2 "final" on September 7, 2010.

### 1. Statutory Tolling

Title 28 of the United States Code provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review...is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Moreover, in Evans v. Chavis, 546 U.S. 189, 195 (2006), the United States Supreme Court held that "AEDPA gives prisoners only one year to file their federal petitions, and..., AEDPA also provides for tolling, adding to the one year those days during which an application for state collateral review is "pending."" The Court further held that federal courts must add those days to the 1–year limitations period. Id.

On August 8, 2011, eleven months into his twelve month habeas clock, Petitioner filed a Writ of Habeas Corpus with the California Supreme Court which stopped the clock on his federal habeas statute of limitation. (Lodgment 9.) This tolled the statute for 134 days until December 14, 2011, when the California Supreme Court denied the writ. (Lodgment 11.) At that point, Petitioner still had thirty days to timely file his federal habeas petition because Petitioner's deadline was January 13, 2012. However, the petition was filed on March 1, 2012, several days after the statute had run, thus making it time-barred. As a result, his federal petition can therefore only be timely if he is eligible for sufficient equitable tolling.

### 2. Equitable Tolling

While AEDPA seeks to eliminate delays in the federal habeas process, it doesn't seek to do so "at all costs." Holland v. Florida, 130 S.Ct. 2549, 2562 (U.S. 2010). As such, the one-year limitation period of § 2244 is subject to equitable tolling. A state prisoner filing a federal habeas writ is entitled to equitable tolling of the one-year statute of limitations "only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented [the] timely filing of [his] petition." Id. The circumstances of the case must be "extraordinary" in order to warrant this equitable tolling. Id. at 2564. Therefore, the petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that these

1    extraordinary circumstances made it impossible to file a petition on time.  Ramirez v. Yates, 571
2    F.3d 993, 997 (9th Cir. 2009).  The diligence required for equitable tolling is reasonable diligence,
3    not "maximum feasible diligence."  Holland, 130 S.Ct. at 2565.  Moreover, "the threshold
4    necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the
5    rule."  Spitsyn v. Moore, 345 F.3d 796, 799 (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th
6    Cir. 2002)).  The burden is on petitioner to allege facts that would give rise to equitable tolling.
7    Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).
8         Here, Petitioner has made no express claim of entitlement to equitable tolling.  At best,
9    Petitioner alleges in his traverse that the California Department of Corrections was late in mailing
10   his untimely petition. (Doc. 12 at 2.)  Without actual evidence that could raise such a delay to the
11   status of extraordinary circumstances, Petitioner's mere allegations provide no basis for this Court
12   to find a valid claim of equitable tolling.  Additionally, Petitioner was represented by counsel at
13   the time he was convicted and through all stages of direct appeal.  Petitioner was also aware of the
14   date that his judgment became final in the state courts because he filed a timely petition for writ of
15   habeas corpus in the California Supreme Court on August 8, 2011. (Lodgment 7.)  Therefore,
16   Petitioner is not entitled to any equitable tolling which would aid in making his petition timely.
17                    **i.  Mailbox Rule**
18        Lastly, Petitioner asserts that prison officials delayed mailing his Petition and prevented an
19   untimely filing. Respondent argues that under California law, documents are deemed "filed" upon
20   receipt by a clerk and that habeas corpus proceedings do not gain additional mailing time. (Doc.
21   10 at 5.)  In support, Respondent cites several cases including Houston v. Lack, 487 U.S. 266, 267
22   (1988), and Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000).
23        In Houston, a Tennessee petitioner drafted a *pro se* notice of appeal twenty-seven days
24   after the Federal District Court dismissed his *pro se* habeas corpus petition.  The petitioner timely
25   deposited the notice of appeal with the prison authorities for mailing but it did not reach the
26   District Court within the required thirty-day period of limitation and was therefore time-barred.
27   The Supreme Court in reversing the District Court's decision held that the general rule whereby a
28   document is deemed filed upon receipt by the court clerk....should not apply in the *pro se* prisoner

context.  The Court further held that a notice of appeal by a *pro se* prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court because the prisoner is unable to control the time of delivery.  <u>Houston</u>, 487 U.S. at 276.  The Court in <u>Houston</u> also noted that "[t]he bright-line rule recognizing receipt by prison authorities as the moment of filing will also decrease disputes and uncertainty as to when a filing actually occurred, since such authorities keep detailed logs for recording the date and time at which they receive papers for mailing and can readily dispute a prisoner's contrary assertions. Relying on the date of receipt, by contrast, would raise difficult questions whether the prison authorities, the Postal Service, or the court clerk is to blame for any delay." <u>Id.</u> at 267.

Here, Petitioner provides no evidence to support delivery of his Petition to prison officials at a time earlier than March 1, 2012[6] nor has Petitioner alleged that any prison mail logs exist or contain dates that would support his claim of a delayed mailing. (Doc. 1 at 38.) Neither does the record support that Petitioner followed up on the document with prison officials after he filed it. Therefore, based on the totality of the record and the lack of any substantive evidence to support the alleged claim of a delayed mailing, this Court finds that even when applying the <u>Houston</u> mailbox rule, the petition remains untimely.

### V.  CONCLUSION

For the reasons set forth above, the Court finds that (1) the writ was properly tolled per statute, (2) it was not subject to equitable tolling even in light of the mailbox rule, and (3) the Petition is time-barred.  **IT IS HEREBY RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**.

This report and recommendation is submitted to the Honorable Dana M. Sabraw, the United States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before January 31, 2013.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before February 28, 2013,  The parties are advised that failure to file objections within the specific time may waive the right to appeal the district court's

---

[6] March 1, 2012, was the date hand-written on the back side of the prison envelope containing Petitioner's untimely petition.

1 | order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

2 | **IT IS SO ORDERED**

3 |

4 | Dated: January 3, 2013

5 |

6 | _____
PETER C. LEWIS
U.S. Magistrate Judge
United States District Court

9 | cc:  All Parties and Counsel of Record