# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR JAMES BRAVO,<br><br>                     Petitioner,<br><br>vs.<br><br>GEORGE NEOTTI, Warden,<br><br>                     Respondent. | Case No. 12cv571-DMS (PCL)<br><br>**ORDER ADOPTING IN PART AND REMANDING IN PART REPORT AND RECOMMENDATION** |

      Petitioner Hector James Bravo, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254 challenging his conviction and sentence for assault with deadly weapon, carjacking and vehicle theft. The petition was referred to United States Magistrate Judge Peter C. Lewis for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.1(d). Respondent filed a motion to dismiss the petition as untimely and Petitioner replied. On January 3, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), recommending to dismiss the petition as untimely.

      Petitioner timely objected to the report and recommendation. Respondents did not file a response. In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *see also* 28 U.S.C. § 2244(d)(1). Generally, the statute runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner does not object to the Magistrate Judge's finding the state court judgment became final on September 7, 2010. (R&R at 5.) The running of the statute is tolled during the pendency of a petitioner's properly filed application for post-conviction relief in state court. 28 U.S.C. § 2244(d)(2). Petitioner does not object to the finding the statute of limitations was tolled under this provision for 134 days while his habeas corpus petition was pending before the California Supreme Court, or that the statute expired on January 13, 2012. (R&R at 5.) With the benefit of the prison mailbox rule, *see Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010), the petition is deemed filed March 1, 2012, and was therefore untimely. (*Id*. at 5-8.) In his objections to the report and recommendation, Petitioner for the first time claims he is entitled to equitable tolling.

Even when equitable tolling is raised for the first time in objections, the court must consider the argument before deciding whether to dismiss a petition as time barred, provided the petitioner is proceeding *pro se*. *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002). Petitioner contends the statute should be equitably tolled because his confinement in administrative segregation prevented him from accessing his personal property and the prison law library. (*See* Objections at 5 & 7; Decl. of Hector James Bravo.) Lack of access to legal materials may constitute grounds for equitable tolling, *see Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002) (lack of access to legal materials while temporarily transferred to another institution to attend court hearings) & *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006) (lack of access to adequate law library while transferred to another prison), provided the petitioner shows he meets the standard set forth in *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009). Accordingly, Petitioner has alleged facts which, if true, could potentially entitle him to equitable tolling.

For the foregoing reasons, the Court adopts the report and recommendation insofar as it makes findings regarding the start of the statute of limitations and statutory tolling, but rejects the

recommendation to dismiss the petition as untimely. Respondent's motion to dismiss is therefore remanded for further factual development of the record regarding equitable tolling and recommendation whether the petition should be dismissed .

**IT IS SO ORDERED.**

DATED: February 28, 2013

_____
HON. DANA M. SABRAW
United States District Judge