# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR JAMES BRAVO,<br><br>                      Petitioner,<br>  vs.<br><br>GEORGE NEOTTI, Warden,<br><br>                      Respondent. | Case No. 12cv571-DMS (PCL)<br><br>**ORDER OF DISMISSAL** |

Petitioner Hector James Bravo, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254 challenging his conviction and sentence for assault with deadly weapon, carjacking and vehicle theft. The petition was referred to United States Magistrate Judge Peter C. Lewis for a report and recommendation pursuant to 28 U.S.C. Section 636(b)(1)(B) and Civil Local Rule 72.1(d). Respondent filed a motion to dismiss the petition as untimely and Petitioner replied. On January 3, 2013, the Magistrate Judge issued a report and recommendation, recommending to dismiss the petition as untimely. On February 28, 2013, this Court adopted the report and recommendation insofar as it made findings regarding the start of the statute of limitations and statutory tolling, but remanded the motion for further factual development on Petitioner's equitable tolling argument, which was raised for the first time in his objections to the report and recommendation. On June 5, 2013, the Magistrate Judge issued another report and recommendation finding insufficient Petitioner's argument and evidence in support of equitable tolling, and recommending to grant Respondent's motion.

- 1 -

Petitioner timely objected to the report and recommendation. Respondents did not file a response. In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009); *see also* 28 U.S.C. § 2244(d)(1). Generally, the statute runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not object to the Magistrate Judge's finding the state court judgment became final on September 7, 2010. The running of the statute was tolled during the pendency of a petitioner's properly filed application for post-conviction relief in state court. 28 U.S.C. § 2244(d)(2). Petitioner did not object to the finding the statute of limitations was tolled under this provision for 134 days while his habeas corpus petition was pending before the California Supreme Court, or that the statute expired on January 13, 2012. With the benefit of the prison mailbox rule, *see Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010), the petition is deemed filed March 1, 2012, and was therefore untimely.

A petitioner seeking equitable tolling bears the burden of establishing two elements (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, __ U.S. __; 130 S.Ct. 2549, 2562 (2010) (internal quotation marks and citation omitted). Although Petitioner presented evidence that he was in administrative segregation between December 15 and 21, 2011, and that his unspecified personal property was lost by the prison authorities while he was in administrative segregation, he has not provided any evidence to show that these circumstances prevented him from filing his petition until March 1, 2013. Petitioner's contentions that he lacks legal education, suffers from a mental impairment and had insufficient access to the law library are unavailing for the same reason. The Court also notes that Petitioner made timely filings in state court prior to filing the pending petition, and that with the exception of the petition, his other filings in this court have been timely.

For the foregoing reasons Petitioner's objections are overruled, the report and recommendation is adopted. The petition is dismissed as untimely. Certificate of appealability is denied.

**IT IS SO ORDERED.**

DATED: July 30, 2013

HON. DANA M. SABRAW
United States District Judge